UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


COASTAL DISTRIBUTORS, INC., ET AL.                CIVIL ACTION


v.                                                NO. 16-8744


DB SWING THOMPSON, her tackle, furniture,         SECTION "F"
apparel, appurtenances, etc., in rem, ET AL.



ORDER AND REASONS


        Local Rule 7.5 of the Eastern District of Louisiana requires

that memoranda in opposition to a motion be filed eight days prior

to the noticed submission date.  No memoranda in opposition to

Conrad Shipyard, LLC's Rule 60(a) and Rule 60(b) motion to amend

order of dismissal with prejudice as to Conrad's claims, noticed

for expedited submission on September 6, 2017, has been submitted.

        Accordingly, because the motion is unopposed, and further, it

appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] On October 7, 2016, the Court entered a show-cause order, placing
Plaintiff-Intervenor Conrad's claims on the call docket and
ordering Conrad to show cause before November 7, 2016 as to why
Conrad had not served Offshore Specialty Fabricators, Inc. or the
DB SWING THOMPSON.  Before the Court could address Conrad's non-
service, the plaintiff (Coastal Distributors, Inc.) filed a motion

1

that Conrad's Rule 60 motion to amend order of dismissal is hereby

GRANTED as unopposed.  The Court's November 9, 2016 Order is hereby

amended to reflect that Conrad's claims are dismissed without

prejudice.  The other aspects of the order shall remain unchanged.

New Orleans, Louisiana this 6th day of September, 2017.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

to dismiss the case with prejudice and represented that the entire
case had been resolved.  The Court granted the motion and dismissed
the matter with prejudice.  Apparently, the plaintiff had
misrepresented to the Court that all claims had been resolved.
Conrad now says it did not consent to the dismissal with prejudice;
it submits that its claims should have been dismissed without
prejudice under Rule 4(m) due to Conrad's failure to timely effect
service.  Accordingly, Conrad urges the Court to amend its order
dismissing Conrad's claims with prejudice to a dismissal without
prejudice.

The Fifth Circuit has affirmed the use of Rule 60(a) and 60(b)
to correct or amend dismissals with prejudice to dismissals without
prejudice.  See, e.g., Rivera v. PNS Stores, Inc., 647 F.3d 188,
199 (5th Cir. 2011); McClure v. C.R. England & Sons, Inc., 199
F.3d 438 (5th Cir. 1999).  Conrad has discovered that the vessel
is now under arrest in this district in Civil Action 17-1595, and
the sale of the vessel is imminent.  Conrad seeks to amend this
Court's order dismissing its claims with prejudice to reflect that
its claims were dismissed without prejudice so that it may seek to
recover (in another pending civil action in which the vessel is
under arrest) some $500,000 it says Offshore Specialty Fabricators
owes to it.  Because Rule 4(m) calls for dismissal without
prejudice for failure to serve, and Rule 60(a) and (b) are
appropriate vehicles to amend dismissals with prejudice to
dismissals without prejudice, Conrad has persuaded the Court that
the relief it seeks is warranted.  The November 9 order shall be
amended to reflect that Conrad's claims were dismissed without
prejudice.